[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO MODIFY ALIMONY AND DEFENDANT'S MOTION FOR CONTEMPT
This is an action for dissolution of marriage and other relief which included in a finding of fraudulent conveyance of marital assets by the plaintiff-husband and, consequently, some rather severe and oppressive financial orders against him as part of the judgment of dissolution. CT Page 10201
In his memorandum of decision dated September 27, 1996, Judge Joseph Shortall found, inter alia, that the plaintiff, on the eve of the dissolution, wrongfully conveyed away to his girlfriend most if not all of the assets of the parties' trucking company having a value of approximately $92,500.00 as per his financial affidavit.
As a result of that finding and other testimony regarding the parties' respective income and assets, Judge Shortall entered the following orders in his February 6, 1997 memorandum.
1. The plaintiff was ordered to pay to the defendant the sum of $92,500.00 payable over a 10 year period in monthly installments of $771.00;
2. The plaintiff's rights in a certain payment of $5,000.00 from the purchaser of an authority previously owned by Corcoran's Transportation and sold by the plaintiff were assigned to the defendant, Jean Corcoran.
3. The plaintiff was to pay to the defendant periodic alimony in the amount of $500.00 for a period of three years — and thereafter the obligation was to be reduced to $1.00 per year, modifiable upward if the plaintiff failed to make timely payments on the lump sum alimony;
4. The plaintiff was ordered to pay $1700.00 within 30 days of the judgment as unpaid alimony pendente lite;
5. The plaintiff was to pay defendant's counsel fees of $20,000.00 incurred up to the date of the memorandum. He was also to pay costs in the amount of $2,900.00 — those items were to be paid at the rate of $636.00 per month over three years;
Since the rendition of those orders, the plaintiff has been deficient in all of those orders and has been the subject of repeated motions to hold him in contempt for his lack of compliance.
There has been a pattern of payment by the plaintiff, but it has not come close to satisfying all aspects of this extremely demanding order. The plaintiff was incarcerated for contempt twice for failure to make adequate payments. The defendant has asked this court to incarcerate him again unless satisfactory payments are made.
In his defense, the plaintiff has moved for relief on several fronts. He has asked the court to allow the periodic alimony to remain at $1.00 per year (the three year period having expired in February, 2000) and not increase and extend it as Judge Shortall's order would allow. Rather, the CT Page 10202 plaintiff would have the court retroactively reduce the $500.00 per week periodical alimony award based upon his claim of substantial change in circumstances.
The record is clear that Judge Shortall used the plaintiff's earning capacity as the basis of his financial orders. The court routinely does that when a party's income is mercurial, as with sales or commissions, or when the court finds that the party has a more productive capacity which he fails or refuses to exploit. The credibility of the party is usually a critical factor in such a finding. In his memorandum, Judge Shortall stated that he found the plaintiff's testimony "consistently unreliable." This court had the same opinion of the plaintiff's testimony regarding a number of critical factors. He testified that he could not afford living quarters of his own and that he frequently resided with his daughter and her husband in their home. Their testimony was considerably different and painfully honest, in the court's opinion. The plaintiff then testified that he routinely slept in a reclining chair in the office where he worked and did so without the knowledge of his associates. To accomplish this routine he had to sneak back into the office every evening after quitting time and he had to rise and get out in the early morning hours, wander around the neighborhood to have coffee and then report at the start of the work day. The court found that testimony incredulous.
His lack of credibility regarding the office also includes his testimony that he merely answers the phones and does light office work. As a life long dispatcher and broker, his responsibilities and the compensation he commands for those skills go beyond the clerical — and there was testimony offered by the defendant that he was acting as broker and or dispatcher since the last hearing.
The last disconcerting fact regarding his involvement with his current employer is the chain of custody of former Corcoran trucks and equipment which passed from his girl friend to his present employer who has hired him to do what is by all measure is an entry level position at a nominal salary — considering the extent and duration of their acquaintance and his nexus with the trucks out in the back lot.
For the foregoing reasons the court hereby denies the plaintiff's motion to modify the current financial orders.
Further, the court finds that "the plaintiff's rights in a certainpayment of $5,000.00 from the purchaser of an authority previously owned by Corcoran's Transportation and sold by the plaintiff are assigned to the defendant" as provided in Judge Shortall's orders obligates the plaintiff to pay to the defendant the sum of $5,000 rather than an assignment to the defendant of such rights. CT Page 10203
The court finds the plaintiff to be in contempt of the orders as set forth in Judge Shortall's memorandum of February 6, 1997. The extent of that contempt and the appropriate sanctions and penalties cannot be ascertained by the court without current information. As a result of the unduly long period of time which has passed since the last hearing regarding the amounts of the arrearages involved, the court directs the parties to enter into negotiations for the purpose of stipulating to any and all outstanding arrearages. An affidavit as to any arrearages owed by the plaintiff shall be submitted to the court for its review and for further orders. If after such effort there is still a discrepancy, the matter is referred to the Family Relations Office for arbitration and for possible court intervention.
Finally, the court orders the plaintiff to pay to counsel for the defendant the sum of $4,5000.00 within 90 days of this order.
Joseph W. Doherty, Judge